UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**GULF COAST LAND SOLUTIONS L L C**     **CASE NO. 2:22-CV-02399**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**PROGRESSIVE PALOVERDE INSURANCE CO**     **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 7] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendant Progressive Paloverde Insurance Company ("Progressive Paloverde"). The motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from damage to a 1996 Kenilworth T80 Dump Truck owned by plaintiff Gulf Coast Land Solutions LLC ("Gulf Coast"), which at all relevant times was insured under an automobile policy issued by Progressive Paloverde. Doc. 1. Specifically, Gulf Coast alleges that the vehicle's chassis suddenly broke and that it reported this loss to Progressive Paloverde on or about June 18, 2021. *Id.* at ¶¶ 6–7. Gulf Coast further alleges that Progressive Paloverde arbitrarily and unreasonably denied coverage after inspecting the vehicle on June 28, 2021, declaring that the damage was the result of non-covered "wear and tear" in opposition to the description of its own inspector. *Id.* at ¶¶ 6–8.

Accordingly, Gulf Coast filed suit against Progressive on August 3, 2022, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332 and raising claims of breach of insurance contract and bad faith. Within its breach and bad faith claims Gulf Coast also appears to raise allegations potentially supporting a violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), Louisiana Revised Statute § 51:1401 *et seq.*, based on manipulations of pricing software. *Id.* at ¶¶ 32–33, 41, 44–45. Gulf Coast further alleges, *inter alia*, that it is entitled to damages in the amount of $250/day from the date it reported the loss "for lost business earnings and opportunities, and for [defendant's] clear lack of adequately adjusting this loss claim" as well as $20,000 in non-pecuniary damages for mental anguish and inconvenience. *Id.* at ¶¶ 8, 16.

Progressive Paloverde now moves to dismiss any LUTPA claim as well as the claims for mental anguish and insurance benefits in the amount of $250/day under Federal Rule of Civil Procedure 12(b)(6). Gulf Coast has filed no response to the motion and its time for doing so has passed. Accordingly, the motion is regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224

F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

#### 1. LUTPA claim

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). LUTPA does not apply to "actions or transactions subject to the jurisdiction of the . . . insurance commissioner." La. Rev. Stat. § 51:1406(1). The Louisiana Insurance Code provides

> a detailed enforcement mechanism by which the Commissioner of Insurance is empowered to investigate allegations of unfair methods of competition or unfair or deceptive acts in the insurance business, to hold hearings, to issue cease and desist orders, to assess monetary penalties against violators, and to suspend or revoke the license of violators.

*Clausen v. Fid. & Deposit Co. of Md.*, 660 So.2d 83, 86 (La. Ct. App. 1st Cir. 1995). Multiple Louisiana courts have agreed that the Louisiana Insurance Code gives the

commissioner the power to define what is an unfair trade practice in the insurance industry and thus bars any claim under LUTPA arising from an insurance context. *E.g., Cougle v. Berkshire Life Ins. Co. of Am.*, 429 F.Supp.3d 208, 219 (E.D. La. 2019); *Crescent City Surg. Health Centre v. Cigna Health & Life Ins. Co.*, 2020 WL 1503534 (E.D. La. Mar. 30, 2020); *Taxicab Ins. Store, LLC v. Am. Serv. Ins. Co., Inc.*, 224 So.3d 451 (La. Ct. App. 4th Cir. 2017). Accordingly, Gulf Coast has no right of action against Progressive Paloverde under this statute and the claim, to the extent it was even raised, will be dismissed.

### 2. Mental anguish claim

Next, Progressive Paloverde moves for dismissal of Gulf Coast's claim for mental anguish damages on the grounds that it is not entitled to recover same as a corporation. Louisiana state and federal courts agree that business entities such as corporations are incapable of experiencing human emotions and cannot recover on that basis. *Frank C. Minvielle, LLC v. IMC Global Opers., Inc.*, 380 F.Supp.2d 755, 772 (W.D. La. 2004) (citing *Whitehead v. Am. Coachworks, Inc.*, 837 So.2d 678, 682 (La. 2002)). Accordingly, this claim will be dismissed.

### 3. Lost revenue claim

As for the lost revenue/business earnings claim, Gulf Coast has alleged:

> Due to the arbitrary, unreasonable and capricious refusal of Progressive to tender any amounts toward the repair of the covered truck, Complainant suffered losses of incomes from having the truck in service, beginning on 6/18/2021 and continuing to date. Complainant specifically pleads the liability of Defendant for amounts including but not limited to 250$ a day, for lost business earnings and opportunities, and for Progressives clear lack of adequately adjusting this loss claim.

Doc. 1, ¶ 8. Progressive Paloverde asserts that this claim arises from the "Liability to Others/Additional Payments" terms of the policy and that there is no coverage available. The relevant policy provision provides:

> In addition to our Limit of Liability, we will pay for an insured:
> . . . .
> 5. reasonable expenses incurred by an insured **at our request**, including loss of earnings up to $250 a day . . . .

Doc. 11, p. 15 (emphasis added). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). The plain and unambiguous terms of this provision limit the loss of earnings coverage to expenses incurred at the insurer's request; Gulf Coast has failed to allege that its lost earnings fall under this category or that there is any other applicable policy provision. Accordingly, this claim will be dismissed. The dismissal, however, does not prevent Gulf Coast from pleading the loss as an element of consequential damages under Louisiana Revised Statute § 22:1973.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 7] will be **GRANTED** and plaintiff's LUTPA claim, claim for mental anguish damages, and claim for lost earnings coverage under the policy will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 4th day of November, 2022.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE